takes a minute in this courtroom okay very good if i could your honor i raised a number of issues in my opening brief but i would like to address the um the notice issue in terms of the voluntary departure the reason is because i believe this court has subsequent to my brief published the case that i think is dispositive on this point and your honor you didn't write it by the way it's ordonia lucky lucky for your client right ordonia vins 345 fed third 777 and it's directly on point the case holds that in the context this is a motion to reopen it was denied by the bia because while the judge did while the motion was timely in terms of the 90-day rule it was after the 30 days of the grants of voluntary departure board of immigration appeals said well you didn't within 30 days the statute says you are then ineligible for essentially the entire constellation of immigration relief the relief we were seeking 245 is included in that and so they simply didn't accept the new evidence on on the motion reopen and denied ordonia says specifically if the immigration judge on the record does not specifically articulate the consequences of failing to depart then the strictures against the motion reopen do not apply um in this particular case it's clear the judge did not indeed the government's response concedes in page 11 footnote 8 that there was no on the record advisor by the immigration judge it is my position that i made that argument before i had the benefit of the ordonia's case now we do so the government's own concession i believe the matter must be remanded for the the motion to reopen which claimed that there's a marriage to the united states citizen and it's prime official eligibility for uh adjustment of status the only possible distinction that could be made would be that ordonia's was in the context of the motion reopen in ordonia's it was a request for suspension of deportation which was under prior law but that's a distinction that's clearly without a legal difference the ordonia's case stands specifically and unambiguously for the proposition that there advisable by the immigration judge of the specific legal consequences of the failure to depart under the grant of voluntary departure it didn't happen direct the granting of voluntary departure directly as part of our mandate and judgment sure i mean in the sense that um if that's that was part of the judgment below i mean usually there's the case that there might be an application for cancellation asylum and so on and if the alien is eligible for voluntary departure i have to go back for any further consideration by the bia or the ij or the service i'm sorry you're in terms of circumstances which would change the position of service in granting it in the first instance between then and now other than time unless the only conceivable thing would be the service found out there was a conviction that wasn't uh you know before the court below and therefore the person's not not a good moral um if it goes back it's better to have the agency do it right if that was the case sure i mean you know sort of be self-defeating for the alien just you know voluntary departure does have its virtues um but anyway i mean i made a rather elaborate uh equal protection argument and uh i'm saying that there's a lot of internal consistency inconsistencies in the crazy quilt that is ira ira i don't believe i don't believe we really need to go there i believe ordonia's is dispositive and i'll save my time for a rebuttal okay thank you morning your honors thomas raglan for the respondent in this case your honors this is a straightforward case uh in june of 2002 the petitioner in this case was granted permission to voluntarily depart the united states within 30 days rather than being she remained beyond the 30 days and approximately one month later filed a motion to reopen to apply for adjustment of status the board of immigration appeals under its decision in matter of char which was affirmed by this court in char versus ins applied the applicable provision of the immigration nationality act section 240 big b small b and denied petitioner's motion to reopen that is what petitioner seeks to have reviewed today i'll speak first to petitioner's council's argument that uh ordonia's vins is uh dispositive in this case the principal distinction between this case and ordonia's within ordonia's we were dealing with the predecessor statute to revisions to the immigration nationality act under the predecessor provision of law oral and written notice of the consequences of failing to depart were required under the current provision of law which is applicable in this case which is in removal proceedings oral notice is not required all that is required is noticed in the order of the warnings of what the consequences of failing to depart will cause and that is ineligibility for various forms of relief including adjustment of status which is what petitioner requested in her motion to reopen you say that 246 b is an equitable provision by definition it's part of statutory what what does equity jurisdiction have to do with the enforcement of a statutory provision now it may be in the discretion of the service to grant it but that doesn't mean it's equitable relief it's congress says that's what it wants the agency to do right i'm sorry which form of relief your honor i'm talking about two you cited 246 b which is in relation to the departure right uh related to departure section 240 uh section 240 large b is the voluntary departure provision okay and you say it's an equitable provision uh no your honor and i missed this has heard you in your argument i'm sorry no the uh the provision your honor provides that uh failing to depart within the period granted bars you from um that's the penalty provision that is not departing within the period set you use the you use the term equitable provision in your argument i'm going to go back and listen but apparently i missed its application i'm sorry your honor i don't know i don't recall saying equitable um however uh the the the language of the statute section 240 big b small d is uh clear and unambiguous in this case and as the court discussed in char versus ins where the language isn't is clear and ambiguous unambiguous the court need uh look no further um unless the board's denial of petitioner's motion to reopen were in some way arbitrary capricious or or contrary to the statute uh this court must affirm the board's uh denial of the motion to reopen um are we empowered to remand at this time extending to the board the opportunity to consider resetting the voluntary departure or does the penalty have to be enforced based on prior non-departure under the under the statute there is no provision in the current statute there's no provision for for revisiting the issue of voluntary departure and that is another distinction between section 240 b and the predecessor statute under the predecessor statute there was provision for leaving within that period the current statute has no exceptional circumstances provision just as it has no oral notice provision okay furthermore with respect to uh the petitioner's argument regarding equal protection again i would point the court to the to their decision in char versus ins where they found specifically under the predecessor voluntary departure provision there was no constitutional violation that there's no fundamental right to remain in the united states that the petitioner was not subjected to some unreasonable irrational or improper classification by being granted a form of relief voluntary departure and then refusing to comply with that form of relief and uh and thirdly merely the fact that some other uh alien and somewhat similar circumstances might be able to avail themselves of relief by remaining beyond the period does not mean that there was a constitutional violation for this particular petitioner unless the court has further questions um i think not thank you okay thank you your honor sure the court very briefly um in terms of the protection argument he's can i ask you to address the statutory argument the argument is that the current statute doesn't require oral notice um well but it it does number two two things number one it um it simply says that there has to be notice and the position of the government is that the footnote at the end of every bia decision is adequate i'm i must confess i suppose i'm trying to conflate or don't use a little bit to say that that's not sufficient that goes to the attorney there's real no uh recognition that the alien ever was really fully apprised so that's a bit of a classic argument as the representative of the client and the attorney has a duty to inform the client of communications from the agency doesn't it i'm aware of that your honor and all these attorneys that are in this area practicing are familiar with it and adhere to the requirements don't they we don't i mean obviously uh there's an awful lot of stricter motions that go on i mean that's one of the problems but clearly the notice is that there is an exceptional circumstances if that's in the statute i don't believe that counsel's right in that regard and so the the you know the the problem with comparing the two statutes uh ira ira has created a number of anomalous situations that i don't believe congress could conceivably have contemplated well does that trigger our equitable powers to do something about it because you don't like there's somebody doesn't like the statute well no i i well i don't like it on constitutional grounds i mean that's where i have to abide by the statute you do your honor and that's why i'm trying to uh address the equal protection trying to get me in out and say the statute was there was non-compliance with the statute so it was totally ineffective no i'm saying that because of the anomalies and inconsistencies in the statute it creates due process problems and it's clear due process problems and clear equal protection problems and that's the two classes i would like to address very briefly if this alien had been convicted of multiple crimes she would not have been eligible for voluntary departure however her motion to reopen would under matter of lardy would have been granted since she's being penalized for being a person of good moral character under prior law there was no time and numerical limitations on motions to reopen it could be filed at any time under ira ira it's specific it's 90 days so literally the statute has created this business where if you get voluntary departure literally you've lost 60 days of the motion to reopen you're being penalized for being a person of good moral character there's no question if she had been an aggravated felon she would have been under the old act if you departed we would lose jurisdiction of the case right now we get to keep jurisdiction of the case decide the case on the merits while the alien has departed right there's another anomaly no and the motion to reopen regulation it says if you depart the united states you've abandoned your motion to reopen so there's a true anomaly there hearing that's in the regulations in terms of motions to reopen well is it in the statute well the statute simply says that if you leave the country you lose jurisdiction but that was that's only jurisdiction for the claim that's before the court which would have been an asylum or whatever here the bia denies your motion to reopen i mean if that's the case then uh the regulations are clearly at odds with the statute basically you you are considered to have abandoned your motion to reopen if you depart the united states i mean so i think that's out of the current statute yes i had a contrary view thank you okay thank you okay thank you very much uh martinez versus ashcroft is now submitted that's the last case on case on our oral argument calendar this morning uh we are adjourned for the day and for the week so hello
judges: Alarcon, Beezer, W. Fletcher